**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 10-00882 JSW |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL** |
| MARK JENKINS, | |
| Defendant. | |

## INTRODUCTION

This matter comes before the Court upon consideration of the Motion for New Trial filed by Defendant Mark Jenkins ("Jenkins"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. The hearing scheduled for October 27, 2011 at 2:00 p.m. is VACATED, and the Court HEREBY DENIES Jenkins' motion. The parties shall appear as scheduled on November 3, 2011 for Judgment and Sentencing.

## BACKGROUND

On July 19, 2011, a jury convicted Jenkins of one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The Government alleged that Jenkins previously had been convicted of a violation of California Health and Safety Code § 11351.5, which was punishable by a term of imprisonment exceeding one year.[1] Jenkins defended against the charge by arguing that he had not, in fact, been convicted of this crime.

---

[1] All further citations are to California Health and Safety Code, unless otherwise noted.

Prior to trial, Jenkins filed a motion in limine asking that the Court find, as a matter of law, that he had not been convicted of a felony. Jenkins claimed that although he had been charged a violation of Section 11351.5, he was convicted of a violation of Section 1150.5, a statute that does not exist. (*See* Docket No. 65.) In support of this theory, Jenkins relied on California law that provided the oral pronouncement of judgment controls. Jenkins cited to a portion of the transcript of his plea hearing, in which the Judge stated: "I'll find a free, knowing and intelligent waiver of your constitutional rights, to a violation of Section 11351.5, Count II, in that on or about – I should say 1150.5 of the Health and Safety Code, in that on or about December 18, 2003, you did wilfully and unlawfully possess for sale or purchase for purposes of sale cocaine." (*See id.*) The Government opposed the motion, and it introduced various documents from the state court proceeding that showed Jenkins had been charged with a violation of Section11351.5. The Court denied the motion in limine.

Jenkins renewed this argument in a Memorandum Regarding Jury Instruction and Finding as a Matter of Law on Prior Conviction Element. (Docket No. 91.) In that motion, Jenkins asked for a jury instruction that stated that "Section 1150.5 is not a crime in the Health and Safety Code or any other California Code." (*Id.* at p. 5). The Court denied this motion as well. The Court noted that although, under California law, the general rule is that the oral pronouncements of the court are presumed correct, *see People v. Mesa*, 14 Cal. 3d 466, 471 (1975), that rule is subject to exceptions. Specifically,"[w]hen the record is in conflict and cannot be harmonized, that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence...." *People v. Smith*, 33 Cal. 3d 596, 599 (1983). Based on the evidence presented by the parties in connection with the motion, the Court could not find, as a matter of law, that the oral pronouncement of judgment would prevail, and the Court permitted the Government to prove up the prior conviction by reference to the documents it had submitted as exhibits to its opposition Jenkins' motion in limine. The Court also noted that it was not inclined to give the jury instruction that Jenkins has requested.

At trial, the Government relied on an "Order of Commitment to County Jail," dated May 19, 2004, for case number SC 055830-A, which stated that "the defendant, having been

convicted of a crime, a felony, in violation of Section 11351. H and S ... IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said defendant be and is hereby committed to the custody of the Sheriff of the County of San Mateo, to be imprisoned...." (Trial Exhibit ("TX") 19.)

Jenkins stipulated to the fact that he was the same person who was the subject of case SC 055830-A. Jenkins, in turn, introduced the reporter's transcript of the plea colloquy, and he relied specifically on the portion of the colloquy cited above. (TX 22.) In rebuttal, the Court permitted, over Jenkins' objection, the Government to introduce the plea form from case SC 055830-A, which Jenkins signed, and in which he indicated he was changing his plea to no contest for a violation of Section 11351.5. (TX 18; *see* Docket No. 126 (July 19, 2011 Trial Transcript ("7/19/11 Tr.") at 312:9-316:6).)

With respect to the elements of the offense, the Court instructed the jury that the Government was required to prove each element of the offense beyond a reasonable doubt, and that "[a]t the time the defendant possessed the .45 caliber Heckler & Koch semi-automatic firearm, ... the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year. Possession of cocaine base for sale in violation of California Health and Safety Code Section 11351.5 is a crime punishable by imprisonment for a term exceeding one year."[2] (*See* 7/19/11 Tr. at 322:2-19; Docket No. 107 (Final Jury Instructions at 14:10-14).) Jenkins did not specifically object to this proposed instruction. (7/19/11 Tr. at 239:14-20.) Jenkins did, however, ask the Court to instruct the jury that "[t]he government must show both that Mr. Jenkins was actually convicted of a crime and that that crime is a felony. You can consider the Transcript of the plea hearing and the commitment order in determining whether the Government has proven this element." The Court declined to give Jenkins' proposed instruction. (*See* Docket No. 106; 7/19/11 Tr. at 239:23-240:20.)

//

//

---

[2] Hereinafter, the Court shall refer to this element as "the prior felony conviction element."

3

**ANALYSIS**

**A.      Applicable Legal Standard.**

Pursuant to Rule 33, a "court may vacate any judgment and grant a new trial if the interests of justice so requires." Fed. R. Crim. P. 33(a). "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for a judgment of acquittal." *United States v. Inzunza*, 638 F.3d 1006, 1026 (9th Cir. 2011) (quoting *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992)). Thus, on a Rule 33 motion, a court need not view the evidence in the light most favorable to the government. Rather, a court is free to weigh the evidence and evaluate for itself the credibility of witnesses. *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000); *Alston*, 974 F.2d at 1211. By the plain terms of Rule 33, however, this Court's focus must be whether failing to grant a new trial would result in manifest injustice.

**B.      The Court Denies Jenkins' Motion.**

Jenkins moves for a new trial on the basis that Court's final jury instruction on the elements of a violation of Section 922(g)(1) was improper. Jenkins argues that the Court violated his due process rights by including the portion of the instruction that advised the jury that a violation of Section 11351.5 is punishable by a term of imprisonment exceeding one year. *See In re Winship*, 397 U.S. 358, 364 (1970). According to Jenkins, the instruction relieved the Government of its burden to prove the prior felony conviction element beyond a reasonable doubt, because it created a mandatory presumption that Jenkins had been convicted of a felony. That is, he contends that "[t]his specific instruction, both alone and in the context of the overall charge, could have been understood by reasonable jurors to *require* them to find that Jenkins had been convicted of [Section] 11351.5, thus satisfying the element that he possessed the firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year." (Mot. at 9:25-10:1.) The Court finds Jenkins' argument unpersuasive.

The Court instructed the jury at the outset that the Government was required to prove every element of the offense beyond a reasonable doubt. (Final Jury Instructions at 3:3-7.) In addition, the instruction relating to the essential elements of the offense included the admonition

4

that "the government must prove each of the following elements beyond a reasonable doubt." (*Id.* at 14:4-5.) The Court's instruction on the elements of a violation of 18 U.S.C. § 922(g) is taken directly from Ninth Circuit Model Criminal Jury Instruction No. 8.65. Because Jenkins did not stipulate to his prior conviction, the Court used the alternate language suggested by the Ninth Circuit.

In addition, the Court did not instruct the jury that it must presume that Jenkins had been convicted of Section 11351.5. Thus, this portion of the prior felony conviction is not couched in the nature of a command to the jury. *See, e.g., Francis v. Franklin*, 471 U.S. 307, 316 (1985) (finding that jury instructions that included language that a person is "presumed" to intend the natural and consequences of his acts could be construed by jury to as mandatory presumption). Although the Court, using the Ninth Circuit's model instruction, did advise the jury that Section 11351.5 was punishable by a term of imprisonment of more than one year, the Court did no more than advise the jury about a matter of law. *Cf. United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995).

For these reasons, the Court concludes that Jenkins has not established that failure to grant a new trial would amount to a manifest injustice, and the Court DENIES Jenkins' motion.

**IT IS SO ORDERED.**

Dated: October 25, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE